UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                                          Case Number: 10-12142-13

    SUZANNAH META SCHMID,

                Debtor.

---

    SUZANNAH META SCHMID,

                Plaintiff,

v.                                                                                              Adversary Number: 12-160

    BANK OF AMERICA, N.A., and
    ASSOCIATED BANK, N.A.,

               Defendants.

---

DECISION ON MOTION FOR STAY OF PROCEEDINGS

This matter comes before the Court on the motion of the Debtor and Plaintiff, Suzannah Meta Schmid ("Debtor" or "Ms. Schmid"), for a stay of proceedings ("Stay Motion"). It appears from the Stay Motion that Debtor is requesting that the adversary proceeding "be stayed indefinitely pending investigation into suspected forgery."[1]

Factual Background

A brief recitation of the procedural history of this matter is appropriate to provide context for the decision.

---

[1] There are currently pending Motions to Dismiss the Adversary Proceeding and to permit the Debtor to file a Second Amended Complaint.

- September 24, 2009 - Portage County Circuit Court entered a Findings of Fact, Conclusions of Law and Judgment in the matter of BAC Home Loans Servicing, LP v. Suzannah M. Schmid f/k/a Suzannah M. Laszewski and Associated Bank, N.A., Case Number 09-CV-464, holding that Ms. Schmid owed $41,712.14 to BAC Home Loans Servicing, L.P. ("BAC") under the terms of the note and mortgage. Ms. Schmid did not appeal that judgment.

- March 23, 2010 - Ms. Schmid filed a Chapter 13 petition.

- March 24, 2010 - Debtor and her attorney were notified by the clerk of certain deficiencies in their filing. Debtor was given until April 6, 2010, to cure these deficiencies.

- April 6, 2010 - Debtor filed a Motion to Extend Time to Cure Deficiencies. The Court extended the deadline to April 20, and the Debtor filed the missing schedules and statements on April 19.

- May 24, 2010 - Associated Bank, N.A. ("ABNA") filed a Proof of Claim for $30,066,75.

- June 9, 2010 - BAC filed a Proof of Claim for $41,349.26.

- November 12, 2010 - Debtor objected to the BAC claim asserting, among other grounds, that BAC is "not the real party in interest" and that it is not the owner or holder of the note and mortgage. A "second objection" to the claim was filed by Debtor on April 27, 2012. In it she reasserted issues related to the ownership of the note and mortgage and raised questions regarding the transfer or assignment of these documents to BAC.[2]

- June 9, 2011 - Debtor filed an objection to the ABNA claim "pending a determination on" the objection to the BAC claim.

---

[2] In various other pleadings, the Debtor also references "new evidence" regarding the validity of mortgage assignments. For example, on November 2, 2010, Debtor's counsel asserted that she had been "diligently researching her proposed objection to the claim of BAC," and that "new evidence" had been developing "since October 6, 2010" that undermined the validity of mortgage assignments. BAC responded to discovery requests related to the assignment of the mortgage and the ownership of the documents.

2

- August 9, 2011 - Debtor filed a Motion to Continue the hearing on its objection to BAC's claim to September 21, 2011. Included in this motion was a representation that BAC's merger with Bank of America, N.A. ("BANA") would cause additional discovery requests.

- August 15, 2012 - Debtor filed the Complaint against ABNA and BANA alleging, among other claims, that the note and mortgage were not owned by BAC.

- August 16, 2012 - Debtor filed an Amended Complaint against the same defendants.

There followed a Motion to Dismiss and brief in support filed by BANA on September 14, 2012. On October 30, 2012, the parties filed a Joint Pre-Trial Statement. On October 31, 2012, Debtor filed a Motion for Leave to File a Second Amended Complaint asserting a need to amend in order "to correct mistakes and inadvertent errors in the earlier filed Amended Complaint." *Motion for Leave to File Second Amended Complaint* at ¶22, Case No. 12-00160, ECF No. 15.

On November 1, 2012, the Court held a Scheduling Conference. The following briefing schedule was set:

December 18, 2012    Debtor's Brief in support of Motion to Amend

January 8, 2013      Debtor's Brief in opposition to Motion to Dismiss

January 15, 2013     BANA's Brief in opposition to Motion to Amend

January 29, 2013     Debtor's Reply in support of Motion to Amend

January 29, 2013     BANA's Reply in support of Motion to Dismiss

A telephonic hearing on Debtor's Motion to Amend her Complaint and BANA's Motion to Dismiss is scheduled to be held February 14, 2013.

3

Rather than file her brief on December 18, 2012, the Debtor filed the Motion for Stay contending that counsel had discovered "new evidence" that "requires prompt reevaluation" of her posture in the adversary proceeding and in the underlying bankruptcy case. The purported "new evidence" is that counsel concluded the "stamped signatures" are somehow different from the stamped signatures on a different client's documents, thus supporting the claim that BANA is not, ultimately, the owner of the documents.

At best, this position is simply a possible alternate theory to support the claim that BANA is not the owner and holder of the note and mortgage. Debtor requests "an indefinite stay" so that counsel can further investigate this "new evidence."

## Discussion

Debtor's counsel does not cite any Federal Rule of Bankruptcy Procedure, Federal Rule of Civil Procedure, or statute to support her motion for an "indefinite stay" of proceedings. Indeed, debtor's counsel fails to cite any authority at all.

The statutory provisions for stay clearly are inapplicable in this matter.[3] Nevertheless, viewed in the light most favorable to the Debtor, it is possible to try and cast the Debtor's Motion to Stay as a motion to extend time. The Federal Rules of

---

[3] Federal Rule of Bankruptcy Procedure 7062, incorporating Federal Rule of Civil Procedure 62, comes closest to offering a statutory anchor for Debtor's motion. It states, in pertinent part, that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction . . . on terms that secure *the opposing party's rights*" (emphasis added). But, again, aside from the automatic stay, there is nothing like an injunction in this case. As a result, the Debtor's motion appears to lack any statutory authority.

Bankruptcy Procedure provide the standard to be applied to a motion to extend time. Pursuant to Fed. R. Bankr. P. 9006(b)(1), "when an act is required or allowed to be done at or within a specified period . . . , the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Under Fed. R. Bankr. P. 1001, extensions are to be granted "to secure the just, speedy, and inexpensive determination of every case and proceeding."

The standard has been described as follows:

> Rule 9006(b)(1) requires a party to show some cause for an order enlarging the period of time. What constitutes cause is not set out in the rule, but some justification for the enlargement seems to be required. The court may in its discretion grant or deny the motion. While courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and *the privilege of extensions has not been abused*, they should nonetheless be wary of granting motions for extensions of time as a matter of course. The requirement of cause should be taken seriously and proceedings not delayed without reason.

10 *Collier on Bankruptcy* ¶9006.06[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).

The Debtor's brief was due on December 18. It was on that date that counsel alleges she "discovered" the possible forgery. However, the dispute and objections to the claim of BANA had been pending in one form or another for more than two years. Discovery had been conducted and documents produced for inspection by Debtor's counsel. Debtor's counsel concedes that she came into possession of at least one of the documents she now questions on December 10. Nonetheless, she did not request an

extension of time on that date. Rather, it was on the day the brief was due that, rather than preparing the brief for filing, this "new evidence" was discovered and the instant motion was filed.

A telephonic hearing was scheduled to be held on the Motion to Stay on Monday, January 14, 2013. Debtor's counsel failed to appear. Counsel for BANA did appear at the hearing.

Although it is the practice of this Court to be flexible in the interest of justice, the Court will not abide abuse of that flexibility.[4] Based on the foregoing and the entire record and file herein, the Court finds that the Debtor has not shown cause for an extension of time to conduct discovery or investigate its claims.

Debtor has ignored the briefing schedule previously issued by the Court. She failed to file the brief that was due on December 18, 2013, and the brief due on January 8, 2013. The potential delay that may be occasioned by these failures would further defer a decision on both the Motion to Amend and on the Motion to Dismiss. Such actions should not be rewarded. Accordingly, the Court will adjust the briefing schedule and an Order shall be entered consistent with this decision.

---

[4] It has been well stated before. "We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

Dated: January 14, 2013

BY THE COURT:

/s/ Catherine J. Furay

Hon. Catherine J. Furay
U.S. Bankruptcy Judge